UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COBBLE HILL HEALTH CENTER, INC.

      Plaintiff,

- against -

SAFECO INSURANCE COMPANY OF AMERICA

      Defendant,
------------------------------------------------------------------X
SAFECO INSURANCE COMPANY OF AMERICA

      Third-Party Plaintiff,

-against-

CAULDWELL WINGATE COMPANY, LLC,
CAULDWELL WINGATE COMPANY, INC.,
CAULDWELL WINGATE HOLDING COMPANY,
INC., and THE GREGORY STAHL TRUST

      Third-Party Defendants.
------------------------------------------------------------------X

10-CV-3834
(JBW)(CLP)

AMENDED
ANSWER

  Defendant Safeco Insurance Company of America ("Safeco"), by and through its undersigned attorneys Torre, Lentz, Gamell, Gary & Rittmaster, LLP, as and for its amended answer to the complaint of plaintiff Cobble Hill Health Center, Inc. ("Cobble Hill"), alleges upon information and belief as follows:

  1.  Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the complaint, except denies that Safeco has failed to perform under a performance bond discussed below.

2. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the complaint.

3. Admits the allegations set forth in paragraph 3 of the complaint.

4. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs 4, 5, and 6 of the complaint, except admits that Safeco is a Washington Insurance Company with its principal place of business located in a State other than New York.

5. Denies any knowledge or information sufficient to form a belief as to the truth each and every allegation contained in paragraphs 7 and 8 of the complaint, except admits Safeco, as surety, and Cauldwell Wingate Company, LLC ("Cauldwell"), as principal issued Performance Bond No. 6553306, dated July 9, 2008, in favor of Cobble Hill, as Owner, in connection with Cauldwell's contract with Cobble Hill for the construction of a certain building at 822 Lexington Avenue, Brooklyn, New York (the "Performance Bond"), a copy of the Performance Bond is annexed to the complaint as Exhibit A, and Safeco begs leave to refer to the Performance Bond for its complete terms and provisions.

6. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs 9, 10, and 11 of the complaint.

7. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the complaint, except admits receipt of a certain letter dated May 18, 2010 from Cobble Hill, and begs leave to refer to said letter for its complete contents.

122995 v2

8. Denies any knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 13 of the complaint, except admits that there was a certain conference call in or about May 2010 between representatives from Cobble Hill, Cauldwell and Safeco.

9. Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs 14, 15, 16, and 17 of the complaint, except admits receipt of certain letters dated June 23, July 2 and July 13, 2010 from Cobble Hill and begs leave to refer to of said letters for their complete contents.

10. Denies each and every allegation set forth in paragraph 18 of the complaint.

11. Defendant repeats and realleges each of its responses to each of the allegations repeated and realleged in paragraph 19 of the complaint with the same force and effect as if fully set forth herein.

12. Denies any knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 20 of the complaint, except specifically denies that Cobble Hill has paid all amounts due and owing to Cauldwell.

13. Denies each and every allegation set forth in paragraphs 21, 22, and 23 of the complaint.

14. Defendant repeats and realleges each of its responses to each of the allegations repeated and realleged in paragraph 24 of the complaint with the same force and effect as if fully set forth herein.

122995 v2

15. Denies each and every allegation contained in paragraph 25 of the complaint, except admits Safeco and Cauldwell issued the Performance Bond, and beg leave to refer to the Performance Bond for its complete terms and provisions.

16. Denies each and every allegation set forth in paragraphs 26, 27, 28, 29, 30, and 31 of the complaint.

## FIRST DEFENSE

17. Section 3 of the Performance Bond requires that there be "no Owner Default" before Safeco's obligation shall arise.

18. Section 12.4 of the Performance Bond defines "Owner Default" as:

> "Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the other terms thereof"

19. Upon information and belief, the Owner, Cobble Hill, is in "Default" under the bond for non-payment of amounts owed to Cauldwell, and accordingly, Safeco has no obligations to Cobble Hill under the Performance Bond.

## SECOND DEFENSE

20. Upon information and belief, on or about May 20, 2010, Cauldwell filed suit in the Supreme Court of the State of New York, Kings County (the "State Action"), alleging that Cobble Hill breached its contractual obligations in connection the construction of the above-mentioned building in Brooklyn, New York, and Cobble Hill has asserted counterclaims against Cauldwell.

122995 v2

21.     Upon information and belief, both parties moved for summary judgment, and both motions were denied on July 21, 2010 by the Honorable Carolyn Demarest due to the existence of "numerous issues of fact" relating to the parties' respective liability.

22.     Cobble Hill is collaterly estopped from asserting that there are no issues of fact regarding its claims against the surety, Safeco, because its motion for summary judgment against Cauldwell, Safeco's principal, was denied, and accordingly, Safeco did not act in bad faith as alleged in Count Two (Bad Faith) of Cobble Hill's complaint.

### THIRD DEFENSE

23.     Safeco repeats and realleges each and every allegation in paragraphs 1 through 22 of this amended answer as though fully set forth at length herein.

24.     By reason of the foregoing, there is a prior action pending between Cobble Hill and Safeco's principal.

### FOURTH DEFENSE

25.     Safeco repeats and realleges each and every allegation in paragraphs 1 through 24 of this amended answer as though fully set forth at length herein.

26.     By reason of the foregoing, Count Two (Bad Faith) of Cobble Hill's complaint, which seeks punitive damages, fails to state a claim upon which relief can be granted.

WHEREFORE, defendant Safeco Insurance Company of America demands judgment dismissing the complaint, together with attorneys' fees, costs of suit, and such other and further relief as to the Court may seem just and proper.

122995 v2

Dated: Jericho, New York
       November 9, 2010

                                            TORRE, LENTZ, GAMELL, GARY
                                                  & RITTMASTER, LLP
                                          Attorneys for Defendant
                                          Safeco Insurance Company of America

                                          By: /s/   Benjamin D. Lentz
                                                  Benjamin D. Lentz
                                          100 Jericho Quadrangle, Suite 309
                                          Jericho NY 11753-2702
                                          (516) 240-8900


TO:    David J. Pfeffer (DP-1317)
         Tarter Krinsky & Drogin, LLP
         Attorneys for Plaintiff
         1350 Broadway
         New York, NY 10018
         (212) 216-8000

122995 v2

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

      Maria Cottis, being duly sworn, says: (1) I am not a party to this action, am over 18 years of age, and reside in Oceanside, New York; and (2) on November 9, 2010, I served the within **AMENDED ANSWER** on each of the following attorneys (or parties) at the address set forth after said attorney's (or party's) name, that being the address designated by said attorney (or party) for that purpose, by depositing a true copy of same enclosed in postage-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York at 100 Jericho Quadrangle, Jericho, New York:

      Tarter Krinsky & Drogin, LLP
      Attorneys for Plaintiff
      1350 Broadway
      New York, NY 10018
      (212) 216-8000

_____
Maria Cottis

Sworn to before me this
9th day of November, 2010

_____
Notary Public

NANCY J. HUDSON
Notary Public, State of New York
No. 01HU6226266
Qualified in Nassau County
Commission Expires August 9, 2014

Index No.: 10-CV-3834 (JBW) (CLP)   20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COBBLE HILL HEALTH CENTER, INC.,

    Plaintiff,

- against -

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

SAFECO INSURANCE COMPANY OF AMERICA,

    Third-Party Plaintiff,

- against -

CAULDWELL WINGATE COMPANY, LLC, et al.,

    Third-Party Defendants.

## AMENDED ANSWER

**TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP**
*Attorney(s) for Safeco Insurance Company of America*
Office and Post Office Address, Telephone
100 JERICHO QUADRANGLE, SUITE 309
JERICHO, NEW YORK 11753-2702
Tel: (516) 240-8900

_____ Esq.

To:

Attorney(s) for

Service of a copy of the within _____ is hereby admitted:

Dated, N.Y., _____, 20

Attorney(s) for

**TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP**